RECEIPT #: 56933
AMOUNT $: 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK:
DATE: 6-28-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JUN 28 P 2: 58
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PATRICK RYAN,<br>Plaintiff,<br><br>v.<br><br>INDEPENDENCE ASSOCIATES, INC.,<br>and CONSTANCE GALLANT,<br>Defendants. | C.A. No.:<br><br>**NOTICE OF REMOVAL**<br><br>**04 - 11470 MLW**<br><br>MAGISTRATE JUDGE Cohen |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF MASSACHUSETTS

The defendants, INDEPENDENCE ASSOCIATES, INC. and CONSTANCE GALLANT ("defendants"), by and through their attorneys, Taylor, Duane, Barton & Gilman, LLP, respectfully state:

1. The plaintiff, Patrick Ryan ("plaintiff"), commenced the above-captioned action on or about June 1, 2004, by filing a Complaint in the Superior Court Department of the Trial Court, Bristol County, Commonwealth of Massachusetts, entitled <u>Patrick Ryan v. Independence Associates, Inc. and Constance Gallant</u>, Civil Action No. 04-00597. This action is now pending in that Court.

2. On or about June 8, 2004, the plaintiff served copies of the Summons and Complaint upon the defendants. Receipt of the Summons and Complaint on that date was the Defendants' first notice of the existence of a pleading containing a claim for relief asserted by the plaintiff that could be removed to

    this Court. A copy of each of the foregoing papers, which constitute all of the processes and pleadings to date, are annexed hereto as Exhibit "A."

3. Said claim or cause of action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by the defendants pursuant to the provisions of 28 U.S.C. §1441, in that Count II of the plaintiff's Complaint is based on an alleged violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 et seq., and therefore, "arises under" the Constitution, laws or treaties of the United States.

4. The remaining claims contained in the plaintiff's Complaint are so related to the plaintiff's ADA claim that they form part of the same case or controversy under Article III of the United States Constitution, and accordingly this Court may exercise supplemental jurisdiction over the plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

5. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

6. Upon the filing of this Notice of Removal, the defendants will give written notice thereof to Paul F. Lorincz, attorney for the plaintiff, and the defendants will file copies of this Notice of Removal and Notice of Filing of Removal with the Court Clerk for the Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Bristol County, Massachusetts.

7. By filing this Notice of Removal, the defendants do not waive any defenses that may be available to them.

WHEREFORE, the defendants, Independence Associates, Inc. and Constance Gallant remove the above-captioned action now pending against them in the Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Bristol County, Massachusetts to the United States District Court for the District of Massachusetts, wherein it shall proceed as an action originally commenced therein.

Dated: June 28, 2004

>  The Defendants,
>  Independence Associates, Inc.,
>  Constance Gallant,
>  By their Attorneys,
>
>  _____
>  James J. Duane, III
>  B.B.O. #136500
>  Andrew Weiner
>  B.B.O. #655170
>  TAYLOR, DUANE, BARTON
>  & GILMAN, LLP
>  111 Devonshire Street
>  Boston, MA  02109
>  Tel. (617) 654-8200
>  FAX (617) 482-5350

**CERTIFICATE OF SERVICE**

I, Andrew R. Weiner, hereby certify that on June 28, 2004, I caused a copy of Defendants' Notice of Removal to be served upon counsel for plaintiff by facsimile and first class mail, postage prepaid to Paul F. Lorincz, Coogan, Smith, McGahan, Lorincz, Jacobi & Shanley, LLP, 144 Bank Street, P.O. Box 2320, Attleboro, MA 02703, attorney for the plaintiff.

I here by further certify that on this date I caused a copy of Defendants' Notice of Filing of Removal together with a copy of the Notice of Removal to be delivered for filing by first class mail, postage prepaid to the Civil Clerk, Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Bristol County, Massachusetts.

_____
Andrew R. Weiner

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Patrick Ryan

**DEFENDANTS**
Independence Associates, Inc.
Constance Gallant

04-11470-MLW

**(b)** County of Residence of First Listed Plaintiff: Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Bristol
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul F. Lorincz; Coogan, Smith, McGahan, Jacobi & Shanley, LLP, 144 Bank Street, P.O. Box 2320 Attleboro, MA 02703, 508-222-0002

Attorneys (If Known)
James J. Duane, III & Andrew R. Weiner
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire Street, Boston, MA 02109
617-654-8200

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 12101 et seq.; Count II of the Complaint is for alleged violation of Americans with Disabilities Act of 1990

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE    DOCKET NUMBER

DATE: 6/28/04    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Ryan v. Independence Associates, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   **04-11470MLW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]  NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]  NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]  NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]  NO [X]

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]  NO [ ]

   A. If yes, in which division do **all** of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]  NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **James J. Duane, Esq. and Andrew R. Weiner, Esq.**
ADDRESS   **111 Devonshire Street, Boston, MA 02109**
TELEPHONE NO.   **617-654-8200**

(Coversheetlocal.wpd - 10/17/02)

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.   SUPERIOR COURT DEPT. OF THE TRIAL COURT

(L.S.) [SEAL]

CIVIL ACTION
No. _____

_____Patrick Ryan_____, Plaintiff(s)

v.

Independence Associates, Inc.

and Constance Gallant

_____, Defendant(s)

(TO PLAINTIFF'S ATTORNEY:
PLEASE INDICATE TYPE OF ACTION INVOLVED:—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

**SUMMONS**

To THE ABOVE-NAMED DEFENDANT: Independence Associates, Inc.

You are hereby summoned and required to serve upon ......Paul F. Lorincz,........

plaintiff's attorney, whose address is ..144 Bank St., P.O. Box 2320, Attleboro, MA 02703;

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ..Taunton.................. either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the......1st...........day of.....June..............., in the year of our Lord two thousand and ..four...........

A TRUE ATTESTED COPY
BRISTOL COUNTY DEPUTY SHERIFF

_____, Esq.
Magistrate

NOTE: (in left margin) NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................, 20  , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

Dated: ........................................, 20  .          ..............................................................

N.B.  TO PROCESS SERVER: —
      PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
      BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

                                                          ┌─────────────────────┐
                                                          │            , 20  .  │
                                                          └─────────────────────┘

---

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION
No.

BRISTOL, ss.

Patrick Ryan        , Plaintiff (s)

v.

Independence Associates, Inc.
and Constance Gallant       , Defendant (s)

SUMMONS
(Mass. R. Civ. P. 4)

| 06/09/2004 14:51 | 508-880-5311 | INDEPENDENCE ASSOC | PAGE 05 |

| COVER SHEET | | Superior Court Department<br>County: Bristol |
|---|---|---|
| PLAINTIFF(S)<br>Patrick Ryan | | DEFENDANT(S)<br>Independence Associates, Inc. and Constance Gallant |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Paul F. Lorincz/BBO# 305120<br>Coogan, Smith, McGahan, Lorincz, Jacobi & Shanley, 144 Bank St., P.O. Box 2320<br>Board of Bar Overseers number: Attleboro, MA 02703 | | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B-22 | Employment Discrimination (F) | | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................ $........
2. Total Doctor expenses ................................................. $........
3. Total chiropractic expenses .......................................... $........
4. Total physical therapy expenses .................................... $........
5. Total other expenses (describe) .................................... $........
    Subtotal $........
B. Documented lost wages and compensation to date ........... $ 65,000
C. Documented property damages to date .......................... $........
D. Reasonably anticipated future medical and hospital expenses ... $........
E. Reasonably anticipated lost wages .................................. $ 70,000
F. Other documented items of damages (describe)
    Lost benefits, to date and anticipated                          $ 15,000
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
    This is a claim of discrimination - a wrongful termination based on handicap where there have already been nearly two years of lost wages and benefits, and where there are anticipated additional lost wages and benefits, as well as emotional distress damages.   $ 50,000
    TOTAL $ 200,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _[signature]_   DATE: 5/28/2004

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**
- A01 Services, labor and materials (F)
- A02 Goods sold and delivered (F)
- A03 Commercial Paper (F)
- A08 Sale or lease of real estate (F)
- A12 Construction Dispute (A)
- A99 Other (Specify) (F)

**TORT**
- B03 Motor Vehicle negligence-personal injury/property damage (F)
- B04 Other negligence-personal injury/property damage (F)
- B05 Products Liability (A)
- B06 Malpractice-medical (A)
- B07 Malpractice-other(Specify) (A)
- B08 Wrongful death, G.L.c.229,s2A (A)
- B15 Defamation (Libel-Slander) (A)
- B19 Asbestos (A)
- B20 Personal Injury-Slip&Fall (F)
- B21 Environmental (A)
- B22 Employment Discrimination (F)
- B99 Other (Specify) (F)

**REAL PROPERTY**
- C01 Land taking (eminent domain) (F)
- C02 Zoning Appeal, G.L. c.40A (F)
- C03 Dispute concerning title (F)
- C04 Foreclosure of mortgage (X)
- C05 Condominium lien and charges (X)
- C99 Other (Specify) (F)

**EQUITABLE REMEDIES**
- D01 Specific performance of contract (A)
- D02 Reach and Apply (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of Trust (A)
- D08 Minority Stockholder's Suit (A)
- D10 Accounting (A)
- D12 Dissolution of Partnership (F)
- D13 Declaratory Judgment G.L.c.231A (A)
- D99 Other (Specify) (F)

**MISCELLANEOUS**
- E02 Appeal from administrative Agency G.L. c.30A (X)
- E03 Action against Commonwealth Municipality, G.L. c.258 (A)
- E05 All Arbitration (X)
- E07 c.112,s.12S (Mary Moe) (X)
- E08 Appointment of Receiver (X)
- E09 General contractor bond, G.L. c.149,s.29,29a (A)
- E11 Workman's Compensation (X)
- E14 Chapter 123A Petition-SDP (X)
- E15 Abuse Petition, G.L.c.209A (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L.c.12,s.11H (A)
- E18 Foreign Discovery proceeding (X)
- E96 Prisoner Cases (F)
- E97 Prisoner Habeas Corpus (X)
- E99 Other (Specify) (X)

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                    SUPERIOR COURT DEPARTMENT

PATRICK RYAN,
    Plaintiff

vs.

CIVIL ACTION NO. BRCV2004-00597

INDEPENDENCE ASSOCIATES, INC.,
and CONSTANCE GALLANT,
    Defendants

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

#### Parties

1. Plaintiff, Patrick Ryan ("Mr. Ryan"), resides at 2 Weaver Street, Fall River, Bristol County, Massachusetts 02720.

2. Defendant, Independence Associates, Inc. ("IA"), upon information and belief, is a Massachusetts corporation with a principal place of business at 10 Oak Street, Second Floor, Taunton, Bristol County, Massachusetts 02780, and the defendant, Constance Gallant ("Ms. Gallant"), is IA's Executive Director.

#### Jurisdiction and Venue

3. This cause of action arose, in whole or in part, in the County of Bristol, Commonwealth of Massachusetts, and therefore jurisdiction and venue are proper in this Bristol Superior Court Department of the Trial Court.

#### General Allegations

4. Mr. Ryan, a wheelchair bound T-5 paraplegic, began as an IA employee in 1982. Much of Mr. Ryan's work focused on access issues, and he generally worked independently of other IA employees.

5. For several years before Ms. Gallant began as IA's Executive Director, Mr.

1

Ryan worked flexible hours, had his own key to IA's building, and performed much of his work outside of the office (performing access inspections, meeting with town officials, engaging in peer counseling, etc.).

6. When Ms. Gallant became IA's Executive Director in 1999, she revoked Mr. Ryan's key to the building, instituted an 8:45 A.M. to 5:00 P.M. work schedule, and generally restricted him to the office.

7. Due to a medical condition, in May, 2001, Mr. Ryan began a year long course of Interferon treatment, and before beginning treatment he informed Ms. Gallant of the anticipated side effects of the treatment, including flu-like symptoms, fatigue, and weight loss.

8. Because of the side effects of the Interferon treatment, Mr. Ryan was medically unable to conform to a specific work schedule, and in particular was unable to commit to an exact start time each morning.

9. Mr. Ryan, after exhausting his accrued vacation and sick time to make up for missed work hours, requested in January, 2002, as an accommodation, that he be afforded a flexible schedule so he could work his full-time hours, but Ms. Gallant refused this accommodation.

10. As Mr. Ryan's one year regime of Interferon treatment was coming to a close, he developed an internal infection in his upper body, and on April 29, 2002, underwent surgery to clear this infection. As a result of this surgery, Mr. Ryan was under the care of the Visiting Nurse Association ("VNA") for physician-ordered daily wound care, which would continue for many months.

11. On May 6, 2002, knowing he would need daily wound care, and also

2

knowing that IA would not accommodate him with a flexible schedule in order to obtain such care, Mr. Ryan requested that he be allowed to use an advance accrual of sick and vacation time to make up for the loss of time necessitated by his wound care. This accommodation was denied by IA.

12. Mr. Ryan was cleared to return to work with no limitation on May 13, 2002, as he was fully capable of working a full-time work schedule of seventy-five (75) hours over a two week period, provided only that he was granted a daily start time that allowed for his required wound care.

13. On June 5, 2002, Mr. Ryan met with Ms. Gallant, wherein she informed him that his inability to be a work promptly at 8:45 A.M. was unacceptable. Mr. Ryan reiterated his need for an accommodation – a slightly later starting time so that he would secure wound care – and Ms. Gallant denied the request.

14. Mr. Ryan then proposed two alternative accommodations: he offered to work all hours each day, but with a delayed start and a later finish, which was denied, and he also offered to work on Saturday (as he had in the past) to make up any hours he may have missed during the week, which was also denied.

15. Although the VNA staff nurses begin their work day at 8:00 A.M., Mr. Ryan requested an earlier start to provide his care in an effort to accommodate his work schedule. Mr. Ryan's VNA nurse agreed to begin her day at 7:15-7:30 A.M. so as to assist him in attempting to meet the inflexible work schedule imposed by IA.

16. Although the VNA nurse was generally able to finish Mr. Ryan's wound care

3

06/09/2004 14:51    508-880-6311    INDEPENDENCE ASSOC    PAGE    10

by 8:00 A.M., due to his spinal injury and use of a wheelchair, Mr. Ryan required additional time to complete dressing, grooming, transferring from his wheelchair to his car, driving to the office, and transferring from his car and into the office.

17. By June, 2002, Mr. Ryan was able to be at work each day generally between 9:00 and 9:15 A.M., but this was not acceptable to Ms. Gallant.

18. Notwithstanding his over twenty (20) year association with IA, with no issues of absence or tardiness, and the fact that his medical conditions never interfered with his work performance, Ms. Gallant's response to Mr. Ryan's request for an accommodation — a slightly later starting time — was that his failure to be at work promptly at 8:45 A.M. could affect his classification as full-time employee and/or be considered "insubordination."

19. On or about July 31, 2002, Ms. Gallant dismissed Mr. Ryan from his employment with IA for this alleged "insubordination" and subsequently confirmed his dismissal.

20. On or about August 27, 2002, Mr. Ryan filed an IA internal appeal of Ms. Gallant's decision to terminate his employment. Although an appeal hearing took place on October 3, 2002, IA failed to follow its own grievance procedures, and rendered no decision following the grievance hearing.

21. Mr. Ryan had clearly documented his need for an accommodation, and IA and Ms. Gallant not only unreasonably denied it, but considered his need for accommodation "insubordination" meriting termination.

4

## Causes of Action

### Count I

### (Claim under G.L. c. 151B, § 4(16) against IA and Gallant)

22. Mr. Ryan incorporates the allegations made in paragraphs 1-21 as if fully set forth herein.

23. IA and Ms. Gallant discriminated against Mr. Ryan in his employment on the basis of his handicap, in violation of G.L. c. 151B, § 4(16).

24. The discriminatory actions of IA and Ms. Gallant have proximately caused Mr. Ryan to suffer damages.

### Count II

### (Claim under the Americans With Disabilities Act against IA and Gallant)

25. Mr. Ryan incorporates the allegations made in paragraphs 1-21 as if fully set forth herein.

26. IA and Ms. Gallant discriminated against Mr. Ryan in his employment on the basis of his disability, in violation of 42 U.S.C. § 12101 *et seq.*

27. The discriminatory actions of IA and Ms. Gallant have proximately caused Mr. Ryan to suffer damages.

### Count III

### (Intentional interference with a contractual or advantageous relationship against Gallant)

28. Mr. Ryan incorporates the allegations made in paragraphs 1-21 as if fully set forth herein.

29. At all relevant times, Mr. Ryan had an employment contract or enjoyed an advantageous economic relationship with IA.

5

30. Ms. Gallant knew that Mr. Ryan had an employment contract or an advantageous economic relationship with IA.

31. Ms. Gallant intentionally, maliciously, wrongfully, improperly and without justification interfered with Mr. Ryan's employment contract or advantageous economic relationship with IA. But for that interference, Mr. Ryan would have continued to be employed by IA or would have continued to enjoy and advantageous economic relationship with IA.

32. The actions of Ms. Gallant have proximately caused Mr. Ryan to suffer damages.

### Count IV

### Breach of Contract Against IA

33. Mr. Ryan incorporates the allegations contained in paragraphs 1-21 as if fully set forth herein.

34. IA breached its contract with Mr. Ryan by failing to comply with its dismissal, grievance and appeals procedures.

35. The breach of contract by IA has proximately caused Mr. Ryan to suffer damages.

### Count V

### (Intentional Infliction of Emotional Distress Against IA and Gallant)

36. Mr. Ryan incorporates the allegations made in paragraphs 1-21 as if fully set forth herein.

37. The conduct of IA and Gallant as set forth and described in this complaint

6

constitutes extreme and outrageous conduct which intentionally and/or recklessly caused and continues to cause Mr. Ryan severe emotional distress.

38. Such conduct by IA and Gallant was so outrageous and extreme as to be regarded as going beyond all possible bounds of decency, and to be utterly intolerable in a civilized community and work setting.

39. The actions of IA and Gallant have proximately caused Mr. Ryan to suffer damages.

WHEREFORE, Mr. Ryan requests this court award him the following relief:

1. Enter judgment in his favor against each of the defendants in an amount warranted by the evidence at trial;

2. Order that Mr. Ryan be reinstated to his position at IA with full back pay and all other rights and benefits of employment as if he had not been discriminated against, including, without limitation, with those accommodations deemed reasonable by the court. In the event that reinstatement is not ordered, then Mr. Ryan requests that he be awarded reasonable front pay;

3. Award compensatory damages for Mr. Ryan's emotional distress caused by the discriminatory acts complained of in this complaint;

4. Award punitive damages under Counts I and II;

5. Award attorney's fees (including expert fees) and costs in this action under Counts I, II, III, IV and V; and

6. Award such other and further relief as this court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL COUNTS OF THE COMPLAINT

7

06/09/2004  14:51    508-980-6311           INDEPENDENCE ASSOC                    PAGE  14

PATRICK RYAN
By his attorneys,

*[signature]*

Paul F. Lorincz/BBO# 305120
Coogan, Smith, McGahan, Lorincz,
   Jacobi & Shanley, LLP
144 Bank St., P.O. Box 2320
Attleboro, MA  02703
(508) 222-0002

Date: May 25, 2004

U:\Station1\Ryan Patrick\Complaint.doc

8