UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUL -b P 4: 14

U.S. DISTRICT COURT
DISTRICT OF MASS

PATRICK RYAN,
    Plaintiff,

v.

INDEPENDENCE ASSOCIATES, INC.,
and CONSTANCE GALLANT,
    Defendantss.

)
)
)
)
)
)
)
)
)
)

C.A. No.: 04-11470 (MLW)

## ANSWER OF THE DEFENDANTS, INDEPENDENCE ASSOCIATES, INC. AND CONSTANCE GALLANT, TO THE COMPLAINT OF THE PLAINTIFF, PATRICK RYAN

The defendants, Independence Associates, Inc. and Constance Gallant, hereby answer the plaintiff's complaint paragraph by paragraph as follows:

### PARTIES

1.    The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the plaintiff's complaint, and, therefore, deny the same.

2.    The defendants admit the allegations contained in Paragraph 2 of the plaintiff's complaint.

### JURISDICTION AND VENUE

3.    The defendants admit that the plaintiff's alleged cause of action arose, in whole or in part, in the County of Bristol, Commonwealth of Massachusetts. The remainder of the allegations contained in Paragraph 3 of the plaintiff's complaint state a legal conclusion to which no response is necessary. To the extent that a response is necessary, the defendants deny the remaining allegations contained in Paragraph 3.

## GENERAL ALLEGATIONS

4.    The defendants admit that Mr. Ryan first started to work at Independence Associates in 1982. The defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the plaintiff's complaint, and, therefore, deny the same.

5.    The defendants admit that prior to the commencement of Ms. Gallant's tenure as Executive Director of Independence Associates, Mr. Ryan possessed a key to the Independence Associates' building. The defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the plaintiff's complaint, and, therefore, deny the same.

6.    The defendants admit that when Ms. Gallant became Independence Associates' Executive Director in 1999, she revoked Mr. Ryan's key to the building and instituted an 8:45 A.M. to 5:00 P.M. work schedule. The defendants deny the remaining allegations contained in Paragraph 6.

7.    The defendants admit the allegations contained in Paragraph 7 of the plaintiff's complaint.

8.    The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the plaintiff's complaint, and, therefore, deny the same.

9.    The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the plaintiff's complaint, and, therefore, deny the same.

10.  The defendants admit that on April 29, 2002, Mr. Ryan underwent a surgical procedure to clear an infected site in his upper body. The defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the plaintiff's complaint, and, therefore, deny the same.

11.  The defendants admit that Mr. Ryan's request to use an advance accrual of sick and vacation time was denied. The defendants deny the remaining allegations contained in Paragraph 11 of the plaintiff's complaint.

12.  The defendants admit that Mr. Ryan was cleared to return to work with no limitation on May 13, 2002. The defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the plaintiff's complaint, and, therefore, deny the same.

13.  The defendants admit that on June 5, 2002, Mr. Ryan met with Ms. Gallant, wherein she informed Mr. Ryan that his failure to abide by the full time schedule without medical documentation to support an accommodation had become unacceptable. The defendants deny the remaining allegations contained in Paragraph 13 of the plaintiff's complaint.

14.  The defendants admit that Mr. Ryan's requests were denied. The defendants deny the remaining allegations contained in Paragraph 14 of the plaintiff's complaint.

15.  The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the plaintiff's complaint, and, therefore, deny the same.

16.     The defendants are without sufficient knowledge or information to form a belief as
        to the truth of the allegations contained in Paragraph 16 of the plaintiff's complaint,
        and, therefore, deny the same.

17.     The defendants admit that by June, 2002, Mr. Ryan's failure to abide by the full time
        schedule without medical documentation to support an accommodation had become
        unacceptable.  The defendants are without sufficient knowledge or information to
        form a belief as to the truth of the remaining allegations contained in Paragraph 17 of
        the plaintiff's complaint, and, therefore, deny the same.

18.     The defendants admit that Ms. Gallant informed Mr. Ryan that his prolonged
        tardiness would no longer be accepted, and that his failure to comply could affect his
        classification as a full-time employee, and/or be considered insubordination.  The
        defendants deny the remaining allegations contained in Paragraph 18 of the plaintiff's
        complaint.

19.     The defendants deny the allegations contained in Paragraph 19 of the plaintiff's
        complaint.

20.     The defendants admit that an appeal hearing took place on October 3, 2002.  The
        defendants deny the remaining allegations contained in Paragraph 20 of the plaintiff's
        complaint.

21.     The defendants deny the allegations contained in Paragraph 21 of the plaintiff's
        complaint.

## COUNT I

### (Claim under G.L. c. 151B, § 4(16) against IA and Ms. Gallant)

22.     The defendants restate their responses to Paragraphs 1 through 21 of the plaintiff's complaint as if expressly stated herein.

23.     The defendants deny the allegations contained in Paragraph 23 of the plaintiff's complaint.

24.     The defendants deny the allegations contained in Paragraph 24 of the plaintiff's complaint.

## COUNT II

### (Claim under the Americans With Disabilities Act Against IA and Ms. Gallant)

25.     The defendants restate their responses to Paragraphs 1 through 24 of the plaintiff's complaint as if expressly stated herein.

26.     The defendants deny the allegations contained in Paragraph 26 of the plaintiff's complaint.

27.     The defendants deny the allegations contained in Paragraph 27 of the plaintiff's complaint.

## COUNT III

### (Alleged interference with a contractual/advantageous relationship against Ms. Gallant)

28.     The defendants restate their responses to Paragraphs 1 through 27 of the plaintiff's complaint as if expressly stated herein.

29.    The defendants deny the allegations contained in Paragraph 29 of the plaintiff's complaint.

30.    The defendants deny the allegations contained in Paragraph 30 of the plaintiff's complaint.

31.    The defendants deny the allegations contained in Paragraph 31 of the plaintiff's complaint.

32.    The defendants deny the allegations contained in Paragraph 32 of the plaintiff's complaint.

## COUNT IV
### (Breach of Contract Against Independence Associates)

33.    The defendants restate their responses to Paragraphs 1 through 32 of the plaintiff's complaint as if expressly stated herein.

34.    The defendants deny the allegations contained in Paragraph 34 of the plaintiff's complaint.

35.    The defendants deny the allegations contained in Paragraph 35 of the plaintiff's complaint.

## COUNT V

## (Intentional Infliction of Emotional Distress Against IA and Ms. Gallant)

36.    The defendants restate their responses to Paragraphs 1 through 35 of the plaintiff's complaint as if expressly stated herein.

37.    The defendants deny the allegations contained in Paragraph 37 of the plaintiff's complaint.

38.    The defendants deny the allegations contained in Paragraph 38 of the plaintiff's complaint.

39.    The defendants deny the allegations contained in Paragraph 39 of the plaintiff's complaint.

WHEREFORE, the defendants deny that the plaintiff, Patrick Ryan, is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

The defendants, having denied each and every allegation contained in the plaintiff's complaint not specifically admitted above, state their affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the complaint of the plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the complaint fails to state a claim upon which an award of punitive damages can be granted.

7

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the complaint fails to state a claim upon which an award of attorneys' fees can be granted.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is estopped and barred by his own conduct from recovering any damages or obtaining any relief.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims, or the damages he may recover, are barred or at least reduced by his failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the complaint is barred because the applicable administrative procedures and conditions precedent were not properly effectuated or complied with prior to the commencement of this action.

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the complaint is barred in whole or in part by the plaintiff's own contributory and/or comparative fault.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that they relied on legitimate, nondiscriminatory factors /reasonable factors other than handicap in terminating plaintiff's employment.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the complaint is barred by insufficiency of process and insufficiency of service of process.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the complaint is barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, Independence Associates Inc., states that if it is liable to the plaintiff, its liability is limited to the sum of Twenty Thousand ($20,000) Dollars, pursuant to the provisions of M.G.L. c. 231, § 85K.

**THE DEFENDANTS, INDEPENDENCE ASSOCIATES, INC. and CONSTANCE GALLANT, HEREBY DEMAND A TRIAL BY JURY ON ALL SUCH TRIABLE ISSUES.**

WHEREFORE, the defendants, Independence Associates, Inc. and Constance Gallant, respectfully requests that this Court:

1. Enter judgment dismissing each and every cause of action brought against the defendants by the plaintiff herein; and

2. Order such other and further relief as this Court deems just and proper.

The Defendants,
Independence Associates, Inc.,
Constance Gallant,
By their Attorneys,

James J. Duane, III
B.B.O. #136500
Andrew Weiner
B.B.O. #655170
TAYLOR, DUANE, BARTON
& GILMAN, LLP
111 Devonshire Street
Boston, MA 02109
Tel. (617) 654-8200

9

## CERTIFICATE OF SERVICE

I, Andrew R. Weiner, hereby certify that on July 2, 2004, I caused a copy of Defendants' Answer to be served upon counsel for plaintiff by first class mail, postage prepaid to Paul F. Lorincz, Coogan, Smith, McGahan, Lorincz, Jacobi & Shanley, LLP, 144 Bank Street, P.O. Box 2320, Attleboro, MA 02703, attorney for the plaintiff.

Andrew R. Weiner